UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY W. BRISTOL,

 Plaintiff,        CIVIL ACTION NO. 08-13028

v.            DISTRICT JUDGE PAUL D. BORMAN
             MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

 Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as substantial evidence exists on the record that claimant remains capable of performing a significant number of jobs in the economy.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on December 18, 2003, alleging that he had become disabled and unable to work on March 3, 2000, at age 36, due mental retardation[1]. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on August 10, 2006, before Administrative Law Judge (ALJ) Peter N. Dowd. The

---

[1] Plaintiff filed a prior application for disability insurance benefits alleging the same disability as the present application, which was denied by the SSA and not pursued further (TR 14). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (March 2, 2000). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does present a federal constitutional challenge to the SSA's application of res judicata.

ALJ found that the claimant was not entitled to disability benefits because he retained the ability to perform a significant number of jobs existing in the economy. The Administrative Law Judge determined that the claimant could work at all exertional levels from sedentary to heavy, but could not be exposed to moving machinery or unprotected heights. The suitable jobs required little judgment and could be learned in a relatively short period. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 41 years old at the time of the administrative hearing (TR 294). He had a high school education, and had been employed during the relevant past as a salvage yard worker and automobile repairman (TR 294, 334-335). As an repairman, Plaintiff stood for most of the workday. He constantly had to handle, grip and manipulate large and small objects. He lifted up to 50 pounds on a regular basis (TR 76).

Claimant stopped working in July 1998. He was incarcerated shortly thereafter following his conviction for criminal sexual conduct (TR 238, 307). While Plaintiff was imprisoned, he sought treatment for mental difficulties. Two staff psychologists noted that the claimant had low average intelligence and a learning disorder (TR 190, 197). During the course of treatment, Plaintiff reportedly "gained a great deal of insight and self awareness." (TR 176). Following his parole from prison in December 2003, the claimant testified that he was unable to secure employment due to his felony conviction (TR 320). Plaintiff testified that he had been prescribed medications to alleviate periodic seizures allegedly caused by everyday stress (TR 309, 313). Other impairments that allegedly

interfered with his ability to return to work included bilateral carpal tunnel syndrome, stomach discomfort and knee pain (TR 314, 320). Plaintiff believed that he could work, if a job was offered to him, but that he could not guarantee that he could perform work activities on a sustained basis (TR 319).

A Vocational Expert, Stephanie Leech, classified Plaintiff's past work as light to medium, semi-skilled activity (TR 335). If the claimant was physically capable of light work activity, the witness testified that there were numerous unskilled kitchen aide, janitorial and packaging jobs that Plaintiff could perform. These jobs did not necessitate working near moving machinery or at unprotected heights (TR 336-337).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of borderline intellectual functioning with current dysthymia and a seizure disorder, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's impairments precluded him from performing complex tasks, or jobs exposing him to moving machinery or unprotected heights, but found that he retained the residual functional capacity to perform a reduced range of heavy, light and sedentary unskilled work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that his learning/cognitive disorders and mental retardation have prevented him from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2008).

LEGAL FRAMEWORK

Once it has been determined that a claimant is not currently engaged in substantial, gainful activity and his impairment is indeed severe, the third stage in the evaluation process mandates a consideration of whether the relevant criteria in the Listing of

Impairments (Appendix 1) have been met. The Listing of Impairments describes, for each of the major body systems, medical illnesses which are considered severe enough to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525(a) (2008). The regulations provide that when a claimant can prove that he suffers from an impairment that meets the duration requirement (12 months) and is listed in Appendix 1, the Commissioner must automatically find the claimant disabled, and should not go on to consider the claimant's age, education and work experience. 20 C.F.R. § 404. 1520(d) (2008). A claimant will not be found disabled under a listing, however, if there is a failure to satisfy any one of the criteria established for a particular impairment. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984), 20 C.F.R. §404.1525(d).

Claimant does not challenge the ALJ's finding that he remains physically capable to performing substantial gainful activity. He argues that the ALJ erred in finding that his mental retardation did not meet section 12.05(C) of the Listing of Impairments. Section 12.05, in relevant part, requires:

> *Mental Retardation:* Mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the development period; i.e. the evidence demonstrates or supports onset of the impairment before age 22 [with]...
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

> 20 C.F.R. Pt 404, Subpt. P, App 1, § 12.05.

## MEETING LISTING 12.05(C)

The medical evidence indicates that Plaintiff underwent five psychological evaluations since May 2000. Four of the examiners, Drs. Skinner, Marble, Dickson and

**5**

Brundage, did not diagnose mental retardation (TR 190, 197, 241, 257).  The fifth psychologist, Dr. Sommerschield, noted that the claimant's intellect was in the mildly retarded range (TR 274).  Even if Dr. Sommerschield's verbal, performance and full scale intelligence scores of between 60 and 70 are accepted as an accurate estimation of claimant's intellect, Plaintiff still must establish that his deficits in adaptive functioning (caused by sub-average intellectual functioning) manifested themselves before age 22, in order to meet section 12.05(C) of the Listing of Impairments.

The parties acknowledge that the claimant was never tested for low intelligence before reaching age 22. Consequently, in order to determine the degree of retardation prior to maturity, the ALJ considered the facts that Plaintiff was able to complete high school and engage in substantial, gainful work activity on a sustained basis prior to his incarceration. The claimant's prior work history as a salvage worker and automobile repairman indicates that he was able to interact adequately with co-workers and supervisors.  He also utilized special equipment and work skills in carrying out his job duties (TR 18, 239).  Moreover, the fact that Plaintiff is able to cook, clean, do the laundry, vacuum, shop and pay bills also suggests that he did not have deficits in adaptive functioning prior to age 22.

The Sixth Circuit, in Foster v. Halter, 279 F.3d. 348 (6th Cir. 2001), noted that an employee's ability to work as a bank and retail clerk showed that she did not have deficits in adaptive functioning prior to age 22.  Id. at 355.  Like the Plaintiff here, the adult employee in Foster had not been tested during her formative developmental period.  Since the ALJ reasonably found that Plaintiff had failed to meet the threshold requirement of Listing 12.05 (adaptive deficits manifested before age 22), he correctly found that the claimant did not meet section 12.05(C) of the Listing of Impairments.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled kitchen aide, janitorial and packaging jobs that Plaintiff could perform. These jobs did not necessitate working near moving machinery or at unprotected heights (TR 336-337). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of work activity at all exertional levels.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law, and there is simply insufficient evidence for the undersigned to

**7**

find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                               s/Donald A. Scheer
                               DONALD A. SCHEER
                               UNITED STATES MAGISTRATE JUDGE

DATED: April 28, 2009
_____

**CERTIFICATE OF SERVICE**

I hereby certify on April 28, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 28, 2009: **None.**

                               s/Michael E. Lang
                               Deputy Clerk to
                               Magistrate Judge Donald A. Scheer
                               (313) 234-5217